# SUPREME COURT.

IN THE MATTER OF THE APPLICATION OF SEVERAL GRADUATES
OF THE LAW SCHOOL OF COLUMBIA COLLEGE, TO BE ADMIT-
TED TO PRACTICE AS ATTORNEYS AND COUNSELLORS OF
THIS COURT.

The right and duty to examine, inquire and determine, whether or not an appli-
cant for admission to practice as an attorney and counsellor of this court, is
qualified for and entitled to such admission is, by the constitution, vested *in the
court;* and the *legislature* cannot take away such right.

The act of the legislature upon this subject, passed April 7, 1860, in relation to the
law school of *Columbia College,* does not materially differ from the act relative
to the law school of the New York University, and the principle of the decision
made in that matter *(ante page 97,)* applies to and must determine the present
application.

*New York General Term, June,* 1860.
SUTHERLAND, MULLIN and BONNEY, *Justices.*

By the court—BONNEY, Justice.   By the act entitled
"an act relative to the law school of Columbia College,"
passed April 7th, 1860, it is enacted, that the professors in
the law school of Columbia College, and the law committee
of the trustees of said college, are constituted a commit-
tee, any three of whom, being counsellors at law, shall
form a quorum, upon whose examination and recommenda-
tion, as evidenced by the diploma of said college, granted
upon such recommendation, *any graduate of said law school
shall be admitted to practice as an attorney and counsellor at
law, in all the courts of this state;* and that no diploma
shall be sufficient for such admission, which is given for
any period of attendance upon the said school for a term
less than eighteen months; but this period of eighteen
months shall not apply to the members of the present
senior class in said law school; who *may be admitted* to
practice as aforesaid upon the examination and recom-
mendation of said committee, and upon the evidence of

the diploma of the college; and all acts and parts of acts inconsistent with said act are repealed.

Under this act, several members of the present senior class of Columbia College now apply to be admitted to practice in this court.

They present to the court, as evidence of their right to such admission :

1. A certificate dated 21st May, 1860, made by the law committee, of said college, to the effect, that said committee being severally of the degree of counsellor at law in this court, and having, with the assistance of the professor of municipal law in said school, duly and thoroughly examined the several persons therein named, being members of the present senior class of said law school, do find, certify and report, them, and each of them, to be well and sufficiently qualified to receive the diploma of bachelor of law from said college, to practice as attorney and counsellor at law in all the courts of the state of New York.

2. An order of the trustees of the college, dated 21st May 1860, whereby, after reciting, that the same persons named in said certificate were duly recommended for the degree of bachelor of laws, it is ordered, that the degree of bachelor of laws be conferred on them.

3. Diplomas of said college, dated 22d May, 1860, by which the trustees of the college declare and make known :

That, under the authority of their charter and of the act of April 7th, 1860, above mentioned, they have caused the same persons named in said certificate and order, being members of the present senior class of the law school of the college, to be examined by the professors of said school and by the law committee of the college; that the said examiners have recommended such persons as in all respects fully qualified to receive the degree of bachelor of laws, and that on such examination and recommendation, said trustees admit such persons respectively to said degree, conferring on them all the rights and privileges any where

recognized as belonging to that degree—constituting them graduates of said law school—and granting them such diploma, *as evidence that they respectively are entitled to said degree, and also,* pursuant to the provisions of said act, *to be admitted to practice as attorneys and counsellors at law in all the courts of the state of New York.*

The constitution of this state, adopted in 1846, provides (*article 6, sec.* 8.): That "*any male citizen, of the age of twenty-one years—of good moral character—and who possesses the requisite qualifications of learning and ability,* shall be entitled to admission to practice in all the courts of this state."

The Revised Statutes of 1830, provide that counsellors, solicitors and attorneys shall be *appointed and admitted to practice* by the courts in which they intend to practice; that the *supreme court shall* prescribe the rules and regulations under which counsellors and attorneys shall be appointed and licensed therein, that no person *shall be admitted unless approved by the court for his good character and learning;* that, on admission, they shall take and subscribe the oath of office; and they shall be regulated by the rules and orders of the court, and subject to be removed or suspended by the court for any deceit, mal-practice or misdemeanor, and these statutes were in force when the present constitution was framed and adopted.

The rules of the court—prepared, revised and adopted pursuant to section 470 of the Code,—provide, that *applicants* for admission to practice as attorneys and counsellors, who are *entitled to examination,* shall be examined in open court—that such examination shall be had at general term, at prescribed times, and at no other time or place—and that no private examination shall be permitted; and that to *entitle him to examination* the applicant must prove to the court,—

That he is a citizen of the United States, is 21 years of age, is a resident of the district in which he applies, and

is of good moral character; and that every applicant must sustain a satisfactory examination upon prescribed subjects—and if admitted must sign a roll and subscribe and take the constitutional oath of office.

The act of 7th April last, in relation to the law school of Columbia College, under which the present application is made, purports to constitute certain persons therein designated a committee, upon whose examination and recommendation, as evidenced by a diploma granted thereon, *any graduate of said law school shall be admitted to practice as an attorney and counsellor at law in all the courts of this state.*

The certificate, order and diplomas now presented purport only that the persons therein named have been examined as in the act of April 7th provided, and on such examination, found to be duly qualified to receive the degree of bachelor of laws—and thereupon diplomas have been issued to them as evidence that they are entitled to that degree, and under the act, to be admitted to practice as attorneys and counsellors.

They do not state, nor is any evidence offered to show that the persons in the diplomas named *are citizens, or twenty-one years of age, or of good moral character*, as required by the constitution.

Or that they are residents of the judicial district, as required by the rules. Of these several facts, therefore, which are made prerequisites to an examination, other evidence must necessarily be given, and, we presume, can be furnished, and may be filed according to the usual practice.

As to the remaining and principal question, arising on the present application, it has been decided, at the present general term of this court, in the matter of the application for admission of the graduates of the law department of the University in this city to practice, &c., that the legislature has no power, under the constitution of this state,

to make a diploma, conferred by a law university, sufficient evidence that the applicant for admission has the proper qualifications of learning and ability to entitle him to a license; in other words, it has been held by this court, that the right and duty to examine, inquire and determine, whether or not an applicant for admission to practice as an attorney and counsellor of this court, is qualified for and entitled to such admission, is, by the constitution, vested in the court; that the legislature cannot take that right from the court, and that the court, however willing to be relieved from the performance of the duty imposed, cannot decline it.

In relation to this question, the act of the legislature, now before us, does not materially differ from the act relative to the law school of the University—and the principle of the decision made in that matter applies to and must determine the present application ; and, however good cause the court may have to believe that the persons in whose behalf this application is made have been thoroughly examined, as certified by the papers presented, and found to possess the requisite qualifications to entitle them to admission to practice, the present application must be denied, for the reason *that the requisite legal evidence* that they possess such qualifications is not before us.